IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-21672-JG

BILLOREL ANTONIO LAINEZ FLORES,
and on behalf of all those similarly situated under 29
U.S.C. §216(B),

        Plaintiff,

-vs.-

WHEELS AMERICA MIAMI, INC., WHEELS
AMERICA ALLOY WHEEL MIAMI, LLC,
WHEELS AMERICA ALLOY WHEEL MIAMI
LTD., KEVIN HOSEIN, and ROBERT STRETCH,

        Defendants.
_____/

## DEFENDANT ROBERT STRETCH'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW

Defendant Robert Stretch ("Stretch"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1, hereby files his Motion for Summary Judgment ("Motion") on Plaintiff Billorel Antonio Lainez Flores's ("Plaintiff" or "Flores") First Amended Complaint (the "Complaint") [Dkt. 44] with Incorporated Memorandum of Law, demonstrating that the Plaintiff's claims against him should be dismissed, with prejudice, as a matter of fact and/or law, and in support states the following:

### INTRODUCTION

Plaintiff has brought causes of action against Stretch under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 and the Florida Minimum Wage law Fla. Stat. §448.110.

The Complaint against Stretch alleges that he "is a corporate officer and/or owner and/or manager of all the Defendant Companies who ran the day-to-day operations of all the Defendant

Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d)."  [Dkt. 44, ¶7].

Stretch denies that he is or was Plaintiff's employer under the applicable statutes, as is reflected in his Answer and Affirmative Defenses [Dkt. 45] and in his deposition.  As demonstrated herein, as a matter of fact and law, there are no genuine issues of material fact as to whether Stretch is or was Plaintiff's employer under the applicable statutes, and summary judgment should be entered in favor of Stretch, dismissing him from this action, with prejudice.

### STATEMENT OF UNDISPUTED FACTS SUPPORTING THIS MOTION

Pursuant to Southern District of Florida Local Rule 56.1, Stretch is contemporaneously filing his Statement of Undisputed Facts which is incorporated and referenced herein as [Undisputed Facts ¶__] with this Motion.

### MEMORANDUM OF LAW

**A.  THE STANDARD FOR GRANTING SUMMARY JUDGMENT**

Summary judgment is proper where no genuine issues of material facts exist and the moving party is entitled to judgment as a matter of law.  *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002).  Fed. R. Civ. P. 56(c) states that summary judgment is appropriate "if the pleading, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Summary judgment is particularly appropriate where material facts are undisputed, and the question is primarily one of law, such as the interpretation of a statute. *Rectory Park, L.C. v. City of Delray Beach*, 208 F. Supp. 2d 1320 (S.D. Fla. 2002).

This Motion addresses the inadequacy of Plaintiff's claims against Stretch.  It is not Stretch's burden to produce evidence negating the existence of material fact; rather, it is his responsibility to merely "point out the absence of evidence supporting the nonmoving party's case." *Compania de Elaborados de Café, El Café, C.A. v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1274 (S.D. Fla. 2003); *Martinez-Pinillos v. Air Flow Filters, Inc.*, 738 F. Supp. 2d 1268, 1273 (S.D. Fla. 2010).  Additionally, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  That is, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First Nat'l Bank of Ariz. V. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

Accordingly, in response to this Motion, Plaintiff, the non-moving party, cannot rely merely on the bald-allegations contained in the Complaint in order to satisfy his burden and escape summary judgment.  Rather, Plaintiff must designate actual evidence, within depositions, answers to interrogatories, and/or through admissions, and must demonstrate that there is an actual issue for trial.  *Witbeck v. Embry Riddle Aeronautical Univ., Inc.*, 219 F.R.D. 540, 542 (M.D. Fla. 2004) (citing *Celotex*, 477 U.S. at 324).  Furthermore, "[i]f the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment." *Id*. (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986) (emphasis added)).

**B. PLAINTIFF CANNOT PROVE THAT STRETCH WAS AN EMPLOYER UNDER THE FAIR LABOR STANDARDS ACT OR THE FLORIDA MINIMUM WAGE ACT**

Plaintiff has alleged Stretch is liable for minimum wage and overtime violations under the Fair Labor Standards Act and for violations of the Florida Minimum Wage Act. To succeed on any of his claims, Plaintiff must prove that Stretch was his "employer" for purposes of the applicable statutes. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a); Fla. Stat. § 448.110(3); Fla. Const. Art. X, § 24(b). There is no evidence in the record supporting this key element of Plaintiff's claims, and as such summary judgment should be granted in favor of Stretch.

An "employer" under the Fair Labor Standards Act includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). The Florida Minimum Wage Act adopts the same definition for "employer" as the Fair Labor Standards Act. Fla. Const. Art. X, § 24(b) (the terms "Employer," "Employee" and "Wage" shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations.).

The United States Supreme Court has held that courts should apply the term "employer" in light of the "economic reality" of the relationship between the parties. *Goldberg v. Whitaker House Co-op., Inc.,* 366 U.S. 28, 33 (1961). The economic reality test includes analysis of whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Villarreal v. Woodman,* 113 F.3d 202, 205 (11th Cir. 1997). In utilizing the economic reality test, courts must look at the surrounding circumstances of the whole activity. *See, Aimable v. Long & Scott Farms,* 20 F.3d 434, 439 (11th Cir. 1994). Merely being a corporate officer of an entity is not sufficient, as "in

order to qualify as an employer for this purpose, an officer 'must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'" *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

The evidence in this case conclusively proves that Stretch (1) was not involved with the day to day operations of the business [Undisputed Facts ¶¶ 1 and 6]; (2) did not have the power to hire and fire the Plaintiff [Undisputed Facts ¶¶ 12 and 15]; (3) did not supervise and control the Plaintiff's work schedule or conditions of employment [Undisputed Facts ¶¶ 11, 13, 14, 16, 17]; (4) did not determine the rate and method of Plaintiff's payment [Undisputed Facts ¶ 13]; and (5) did not maintain employment records [Undisputed Facts ¶¶ 21 and 22]. As such, he does not qualify as an employer for purposes of the Fair Labor Standards Act or the Florida Minimum Wage Act.

Plaintiff bears the burden of proof at trial to prove Stretch was his employer, and to avoid summary judgment must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). He "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Plaintiff cannot point to any evidence in the record to support that Stretch was his employer, and therefore, summary judgment should be granted in favor of Stretch.

## CONCLUSION

Considering all the reasons set forth in this Motion and Memorandum of Law and the accompanying Statement of Undisputed Facts, Defendant Robert Stretch respectfully requests the Court grant summary judgment on Plaintiff's Complaint, and for such further relief that the Court finds to be fair and just.

Respectfully submitted,

**SALLAH & COX, LLC**
Boca Corporate Center
2101 NW Corporate Blvd., Ste. 218
Boca Raton, FL 33486
561-989-9080 (Tele.)
561-989-9020 (Fax)

   s/Joshua A. Katz
James D. Sallah, Esq. (Lead Counsel)
Fla. Bar. No. 0092584
jds@sallahcox.com
Jeffrey L. Cox, Esq.
Fla. Bar. No. 0173479
jcox@sallahcox.com
Joshua A. Katz, Esq.
Fla. Bar No. 0848301
jkatz@sallahcox.com

and

**ANDERSON TOBIN, PLLC**
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240
Telephone: (972) 789-1160
Facsimile: (972) 789-1606

J. Seth Moore (admitted pro hac vice)
Texas Bar No. 24027522
smoore@andersontobin.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Joshua A. Katz
Joshua A. Katz

## SERVICE LIST

J.H. Zidell, Esq.
J.H. Zidell, P.A.
*Counsel for Plaintiff*
300 71st St., Ste. 605
Miami Beach, FL 33141


Scott Lawrence Cagan
Gray Robinson, P.A.
401 E. Las Olas Blvd., Suite 1850
Fort Lauderdale, FL 33301