UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 13-21672-CIV-GOODMAN

[CONSENT CASE]

BILLOREL ANTONIO LAINEZ FLORES,

     Plaintiff,

v.

WHEELS AMERICA MIAMI, INC., et. al.,

     Defendants.

_____/

## OMNIBUS ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This Cause is before the Undersigned on Defendant Robert Stretch ("Stretch") and Plaintiff Billorel Antonio Lainez Flores' ("Lainez Flores") cross-motions for summary judgment. [ECF Nos. 56; 58]. The Undersigned has reviewed the motions, responses, replies, and the pertinent portions of the record. For the reasons below, the Undersigned **grants in part and denies in part** Lainez Flores' motion and **grants in full** Stretch's motion.

I.     **BACKGROUND**

Lainez Flores brought this action for minimum wages and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), against defendants Wheels America Miami, Inc. ("Inc."), Wheels America Alloy Wheel Miami, LLC ("LLC"), Wheels America Alloy Wheel Miami, Ltd. ("Ltd.") (collectively, "Wheels"), Kevin Hosein ("Hosein"), and Stretch. [ECF Nos. 1; 44].

Lainez Flores worked at Wheels as a helper and repair man from late 2009 to 2013. [ECF No. 57-1, p. 6]. He did not work for almost a year during that period while he was out of the country. [ECF No. 59-1, p. 2, ¶ 3]. Lainez Flores moves for partial summary judgment on the following issues: (1) that he "was an employee" of all corporate defendants, "not an independent contractor"; (2) that Stretch and Hosein "were [his] individual FLSA employers"; and (3) that "[he] is not exempt under the executive/managerial exemptions." [ECF No. 58, p. 1].

In their response, Hosein and Wheels *concede* that Lainez Flores was an employee of Ltd. and LLC. [ECF No. 73, p. 1]. However, they contend that because Inc. stopped operating in 2004, Lainez Flores was not an employee of Inc.'s. [*Id.*]. Hosein also concedes that he was Lainez Flores' FLSA employer. [*Id.* at p. 2]. Finally, Hosein and Wheels agree that Lainez Flores was not an exempt employee under the executive or managerial exemption. [*Id.*].

Unlike Hosein, Stretch denies that he was Lainez Flores' FLSA employer and separately moves for summary judgment on that issue. [ECF No. 56].

Thus, the only contested issues on the cross-motions for summary judgment are whether Lainez Flores was an employee of Inc. and whether Stretch was Lainez Flores' employer.

## II.    APPLICABLE LEGAL STANDARDS

Summary judgment is appropriate when the pleadings, depositions, affidavits, and exhibits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue of fact is "material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Tyson*, 121 F.3d at 646. When evaluating a summary judgment motion, a court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether the evidence could reasonably sustain a jury verdict for the non-movant. *Celotex*, 477 U.S. at 322-23; *Tyson*, 121 F.3d at 646.

## III.    ANALYSIS

### A.  <u>Lainez Flores' Motion for Summary Judgment as to Hosein and Wheels</u>

Wheels and Hosein admit that Lainez Flores was an employee of Ltd., LLC[1] and that Hosein was his FLSA employer. [ECF No. 73, pp. 1-2]. Wheels and Hosein also admit that Lainez Flores was not an exempt employee under the executive or

---

[1]    After the summary judgment briefing was completed, LLC filed a suggestion of bankruptcy. [ECF No. 82]. The Undersigned will issue a separate order staying this case as to LLC.

managerial exception. [*Id*. at p. 2]. Wheels and Hosein deny, however, that Lainez Flores was an employee of Inc. because that entity stopped doing business in 2004. [*Id*.].

Based on Wheels and Hosein's concessions, the Undersigned **grants in part** Lainez Flores' motion as follows: (1) Lainez Flores **was** an employee of LLC, Ltd., and Hosein individually; and (2) Lainez Flores **was not** an exempt employee under the executive or managerial exception. The Undersigned, however, **denies** the motion as to Inc. because there are genuine issues of material fact as to whether Lainez Flores was ever employed by Inc.[2]

### B. <u>Lainez Flores and Stretch's Cross-Motions for Summary Judgment</u>

1. *Background*

Stretch owned 60% of Wheels and served as its President from the time Lainez Flores began working until early 2013. [ECF Nos. 57-1, p. 28; 68-2, p. 10]. Nevertheless, Stretch contends he was not Lainez Flores' employer because he: (1) was not involved in Wheels' day-to-day operations; (2) did not have the power to hire and fire Lainez Flores; (3) did not supervise or control Lainez Flores' work schedule or conditions of

---

[2]   The Undersigned notes that there have been a number of similar FLSA cases involving Wheels and Hosein. *See* Case Nos. 1:09-cv-23193-EGT, 1:11-cv-20156-JLK, 1:11-cv-22614-JLK, 1:12-cv-21069-RSR, and 1:12-cv-23371-JLK. Only one case, the first one filed, named Inc. as a defendant. The defendants in that case answered that Inc. stopped doing business in 2004. Since then, Inc. has not been named in any other cases besides this one. The undisputed evidence shows that Inc. stopped doing business in 2004. The Undersigned urges Lainez Flores' counsel to reconsider Inc.'s inclusion as a party to this suit.

employment; (4) did not determine how Lainez Flores was paid; and (5) did not maintain employment records. [ECF No. 56, p. 5].

Lainez Flores argues that Stretch is his FLSA employer because he controlled Wheels' finances and "was the 'top man' who guided corporate policies and controlled purse strings." [ECF No. 63, p. 4]. In support of this proposition, Lainez Flores submitted one of his paychecks from Stretch's company in Dallas, Texas showing that the payroll was administered at the company's headquarters. [*Id.*]. Lainez Flores also stated that Stretch held conference calls every three months with franchise managers throughout the country, including one in which Lainez Flores heard Stretch direct managers to be more careful with dangerous equipment. [*Id.* at pp. 5-6]. Additionally, Lainez Flores claims that he saw Stretch at the business on **one** occasion. [*Id.*].

  2. *Legal Standard*

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Courts have interpreted this broad definition to mean that both the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. Am.'s Custom Brokers, Inc.*, 48 F. Supp. 2d 1372, 1377 (S.D. Fla. 1999) (citing *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986)). Whether an individual is an "employer" under the FLSA "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Hodgson v. Griffin & Brand of*

*McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973) (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)).

"[A] corporate officer with *operational control* of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637–38 (emphasis added) (internal citations and quotations omitted). In determining whether a corporate officer is an "employer," courts look to whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters "in relation to an employee." *Alvarez Perez v. Sanford–Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). Thus, in order for a corporate officer to be "personally liable, [the] officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Patel*, 803 F.2d at 638. Status as a corporate officer alone "is insufficient to render an individual an 'employer' [and] hold the officer personally liable for unpaid wages." *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845 (11th Cir. 2009).

3.   *Stretch Was Not Lainez Flores' FLSA "Employer"*

The undisputed evidence makes clear that Stretch was not involved in Wheels' day-to-day operations and, therefore, was not Lainez Flores' FLSA employer.

Stretch did not hire or fire employees. [ECF No. 57-1, p. 30]. He did not determine wages or manage the finances. [*Id.*]. He visited the business only a couple of

times over a period of several years. [ECF No. 59-4, pp. 20-21]. He never met or spoke to Lainez Flores. [ECF No. 59-4, p. 4]. In fact, Stretch testified that he would not recognize Lainez Flores if he saw him. [ECF No. 68-2, p. 4]. While the payroll was administered by Jennifer Delamora, an employee of Stretch in Dallas, Texas, Stretch testified that she simply passed along the hours and wages she received from Hosein to the payroll company. [ECF No. 57-2, p. 26]. Furthermore, Hosein testified that she performed these duties under a contract between Hosein and Stretch's company, Wheels American Management. [ECF No. 57-1, pp. 43-44].

Although Lainez Flores might have subjectively considered Stretch to be the "top man" at Wheels, it is clear that Hosein, not Stretch, managed the day-to-day operations of the company. Hosein stated that he was responsible for hiring and firing employees, setting wages, giving directives, and everything else that would be indicative of "employer" status. [ECF No. 57-1, pp. 11-12].  There is no evidence that Stretch made any decisions regarding the operation of Wheels. The fact that Lainez Flores subjectively viewed Stretch as the "top man" does not factor into whether Stretch was his "employer" under the FLSA. *See Patel*, 803 F.2d at 628 (affirming trial court's finding that corporate president was not FLSA employer because, while he had the authority to play a greater role in the day to day operation of the business, he did not).

Lainez Flores' emphasis on Stretch's one-time 60% ownership of Wheels is unpersuasive. While having a large financial interest is a significant factor in

determining "employer" status, it is not by itself sufficient to hold an individual liable as an "employer." *Dole v. Elliot Travel & Tours*, 942 F.2d 962, 966 (6th Cir. 1991). The alleged employer must also have control over significant aspects of the corporation's day-to-day functions. *Patel*, 803 F.2d at 638. Here, Stretch did not exercise control over any aspect of Wheels' day-to-day operations; Hosein did. While Stretch may have been able to exercise more control by virtue of his 60% ownership interest, he simply did not do so. As the Eleventh Circuit has noted, "unexercised authority is insufficient to establish liability as an employer." *Alvarez Perez,* 515 F.3d at 1161.

Additionally, Lainez Flores points to the fact that Stretch and Hosein jointly filed Limited Partnership Annual Reports for Wheels listing an address in Dallas, Texas as the principal place of business. [ECF No. 59-3]. This fact does nothing to support the notion that Stretch was Lainez Flores' "employer" for purposes of the FLSA. While the reports shed light on the financial relationship between Stretch and Hosein, they do nothing to show how Stretch was involved in either the day-to-day operation of Wheels or the supervision of Lainez Flores. The Undersigned recognizes that Stretch had an ownership interest in Wheels, but ownership alone is not sufficient to prove "employer" status.

This case is analogous to *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304 (S.D. Fla. 2011). In *Santos*, a 50% co-owner was deemed not an "employer" because he hired managers to run the business' day-to-day operations. *Id.* at 1309. The managers  hired

and fired employees, set wages and hours, and determined staffing levels. *Id.* Although the co-owner was the only signatory on the account, he allowed the managers to rubber stamp his signature on the paychecks. *Id.* He had never met the plaintiffs. *Id.* The court in *Santos* ultimately granted summary judgment in favor of the co-owner defendant, finding that he was not plaintiffs' "employer" because he "did not have direct responsibility for supervision of any employee under the FLSA. While he may have ultimate authority as part owner, it remains unexercised, which is insufficient for FLSA purposes." *Id.* at 1312.

Here, much like in *Santos,* while Stretch owned 60% of the company,[3] Hosein had free reign to manage the business in the manner he saw fit. [ECF No. 57-2, pp. 13-15]. Like the managers in *Santos,* Hosein was responsible for hiring and firing employees and setting wages and hours. [ECF No. 57-1, pp. 11-12]. The only evidence introduced suggesting that Stretch had some direct supervision is the conference calls he led with franchise managers from around the country every few months. [ECF No. 59-1, p. 4]. These sporadic calls do not amount to direct responsibility for the supervision of employees. Moreover, Stretch never interacted with Lainez Flores on any of these calls. Indeed, like the *Santos* co-owner defendant, Stretch has never met Lainez Flores. In light of these facts, Lainez Flores' claim that these calls are evidence of Stretch's role in supervising employees is unpersuasive.

---

[3]        In *Santos,* the individual defendant owned 50% of the company.

## IV.      CONCLUSION

Accordingly, for the reasons above, the Undersigned **grants in part** Lainez Flores' summary judgment motion as follows: (1) Lainez Flores **was** an employee of LLC, Ltd., and Hosein individually; and (2) Lainez Flores **was not** an exempt employee under the executive or managerial exception. The Undersigned, however, **denies** the motion as to Inc. because there are genuine issues of material fact as to whether Lainez Flores was ever employed by Inc. The Undersigned **denies** Lainez Flores' motion as to Stretch and **grants** Stretch's summary judgment motion.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, July 2, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record

10