UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21672-CIV-GOODMAN

**[CONSENT CASE]**

BILLOREL ANTONIO LAINEZ FLORES,

    Plaintiff,

v.

WHEELS AMERICA MIAMI, INC., *et al.*,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND FINAL JUDGMENT

This Fair Labor Standard Act ("FLSA") case proceeded to a jury trial. On July 24, 2014, the jury rendered a verdict for Plaintiff Billorel Antonio Lainez Flores ("Lainez Flores") and against defendant Kevin Hosein ("Hosein"). [ECF No. 111]. The jury awarded Lainez Flores $14,937.66 in overtime wages. [*Id.* at p. 2]. The jury did not award Lainez Flores any minimum wage damages. [*Id.*]. Finally, the jury found that Hosein **did not act** willfully or with reckless disregard as to whether his conduct was prohibited by the FLSA. [*Id.* at p. 1].

Lainez Flores has now moved for the entry of a final default judgment against previously defaulted defendant Wheels America Alloy Wheel Miami, Ltd. ("Ltd."), and for a final judgment against Hosein. [ECF Nos. 115; 116]. Lainez Flores requests that

each judgment be in the amount of $29,875.32 -- the amount of the jury verdict plus FLSA liquidated damages. [*Id.* at pp. 2-3].

Hosein, who is proceeding *pro se,* did not file a formal response to the motion and the time to do so has now passed. Hosein, however, did submit an email to the Court's e-file inbox indicating that he objected to the motion.[1] [ECF No. 117]. In this email, Hosein stated that the jury found that he did not wilfully violate the FLSA and the record shows that he acted in good faith. [ECF No. 117-1, p. 4]. For purposes of this Order, the Court will consider Hosein's email.

## I. GENERAL LEGAL PRINCIPLES

Where there has been a finding that an employer violated the FLSA, a court "generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1272 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)); *see also Joiner v. City of Macon,* 814 F.2d 1537, 1538 (11th Cir. 1987) ("liquidated damages are mandatory absent a showing of good faith"). However, the Portal to Portal Act, 29 U.S.C. §§ 251–62, which amended the FLSA, provides a "safe harbor for an employer who can establish that it acted in good faith and under the reasonable belief that it was in compliance with the FLSA." *Rodriguez,* 518 F.3d at 1272 (internal citations omitted).

---

[1] The Court entered an Order advising the parties that they must file any submissions through the CM/ECF system, not with the Court's e-file inbox. In that Order, the Court attached as an exhibit Hosein's emails. [*See* ECF No. 117-1].

To satisfy the good faith requirement, an employer must show both objective and subjective good faith. This determination is a mixed question of fact and law to be decided by the court. *Rodriguez*, 518 F.3d at 1272. To demonstrate the subjective component, an employer must show that it had "an honest intention to ascertain what the FLSA requires and to act in accordance with those requirements." *Feniger v. Cafe Aroma*, No. 2:05cv319-TAW-SPC, 2007 WL 853735, at *3 (M.D. Fla. Mar. 16, 2007) (internal citation omitted). Proving the objective component requires the employer to demonstrate that it had a reasonable belief that its conduct conformed with the FLSA. *Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1358 (S.D. Fla. 2009) (internal citation omitted). If the employer can demonstrate that it had both a subjective belief that it was compliant with the FLSA and that it also had an objectively reasonable basis for its belief, "then the Court may apply the safe harbor provision and limit or deny an award of liquidated damages." *Id.* (internal citation omitted).

II.   **DISCUSSION**

   A.   <u>**The Judgment Against Ltd.**</u>

As Ltd. has defaulted, there was no filed opposition to the entry of a final judgment in the amount of $29,875.32. Moreover, the Court did not hear any evidence at trial regarding Ltd., or its good faith. Rather, the evidence focused exclusively on Hosein, the sole remaining defendant in this action. Accordingly, the Court grants Lainez Flores' motion as against Ltd. *See Isaula v. Chicago Rest. Grp., LLC*, No. 13-CV-

3

24387-JLK, 2014 WL 3477917 (S.D. Fla. July 11, 2014) (awarding liquidated damages against defaulted defendant).

### B. The Judgment Against Hosein

Hosein is correct that the jury returned a verdict finding that Lainez Flores had failed to prove that Hosein's FLSA violations were wilfull or reckless. [ECF No. 117-1, p. 4]. But that does not end the inquiry in this circuit. A jury's finding that there was no willful FLSA violation does not necessarily bar the Court from determining that a defendant has failed to prove it acted in good faith. *Rodriguez*, 518 F.3d at 1272 (noting circuit split on the issue and declining to decide the issue).

As the *Rodriguez* court explained, the difference in the burden of proof permits different outcomes between the jury's determination of lack of willfulness and a court's determination of lack of good faith:[2]

> The reconciliation point is the burden of proof, and more specifically, the differences in its placement. For the willfulness issue . . . the burden is on the employee; for the good faith issue on which liquidated damages turns, the burden is on the employer. Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present. The result varies with the burden of proof, provided that a factfinder could conclude that the evidence on the issue was evenly balanced.

---

[2]   On the other hand, if the jury finds a willful FLSA violation, then the court may not find the employer acted in good faith. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008) (citing *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008)).

*Rodriguez*, 518 F.3d at 1274; *see also Berrocal v. Moody Petroleum, Inc.*, No. 07-22549-CIV, 2010 WL 1372404, at *3-4 (S.D. Fla. Mar. 31, 2010).

Here, the Court finds that the record and the evidence at trial show Hosein has met the subjective and objective components of good faith. First, Hosein was aware of his obligations under the FLSA because of prior litigation, *where he was represented by counsel*. [ECF No. 116-3, pp. 41-42]. Second, he made sure there was a poster up at the workplace advising of the FLSA's overtime/minimum wage requirements. [ECF No. 116-3, p. 41]. Third, he gave every employee his own computer login to enter his hours. Fourth, he contracted with ADP, one of the country's largest third-party payroll providers, to handle his payroll and to ensure that no laws were violated. Thus, when one of his employees logged in their hours, those hours would be transmitted directly to ADP (with the help of an administrative assistant). Fifth, if an employee believed that the hours he logged were not reflected in his paycheck, he would tell Hosein and Hosein would manually adjust his hours.[3] Other than that, there is no evidence that Hosein altered or even reviewed his employees' hours. Finally, he kept employee time and payment records.

Based on the foregoing, the Court finds that Hosein had a subjective and objectively reasonable belief that he was complying with all of the FLSA's requirements. *See Santos v. CCT Corp.*, No. 08-CV-23563, 2009 WL 2602726, at *1 (S.D. Fla. Aug. 21,

---

[3]  The evidence at trial showed that Lainez Flores never complained to Hosein about his inputted hours not being accurately reflected in his paycheck.

2009) (denying motion for liquidated damages because "[d]efendants had a subjective and objectively reasonable belief that Plaintiff was an independent contractor and therefore exempt from FLSA").

### III.  CONCLUSION

Accordingly, for the reasons stated above, it is **ORDERED** and **ADJUDGED** that Lainez Flores' motion is **granted in part and denied in part** as follows:

1. The motion is **denied** as to the entry of a judgment providing for joint and several liability against both Ltd. and Hosein.

2. The motion is granted as to Ltd., and the Court will issue a separate final default judgment in the amount of $29,875.32 against Ltd.

3. The motion is **denied in part and granted in part** against Hosein and the Court will issue a separate final judgment in the amount of $14,937.66 against Hosein.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, August 25, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All Counsel of Record

Kevin Hosein, *pro se*
7900 West 25th Court
Hialeah, FL 33016