UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21672-CIV-GOODMAN

[CONSENT CASE]

BILLOREL ANTONIO LAINEZ FLORES,

    Plaintiff,

v.

WHEELS AMERICA MIAMI, INC., et al.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

This Cause is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 29 U.S.C. § 216(b) and Local Rule 7.3 against Kevin Hosein ("Hosein") and Wheels America Alloy Wheel Miami, LTD. ("Wheels") (the "Motion"). [ECF No. 122]. While the Local Rule 7.1 conferral statement indicates that Defendant Hosein opposes the Motion [*Id.* at p. 5], no Response was filed. The Undersigned reviewed Plaintiff's Motion, the attached documentation of billable hours [ECF No. 121-1] and the pertinent portions of the record. For the reasons stated below, the Undersigned finds that the requested attorney's fees are reimbursable and reasonable, and as such, the Motion for Attorney's Fees is **granted in part**.

**I.     BACKGROUND**

Plaintiff brought an action against Defendants to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § § 201-216(b). [ECF No. 1]. Following a three-day jury trial, the jury returned a verdict for Plaintiff against Defendant Hosein on July 24, 2014. [ECF No. 105]. A Motion for Default Judgment was filed as to Defendant Wheels (the "Motion for Default") on July 30, 2014. [ECF No. 116]. The Court granted the Motion for Default on August 25, 2014 [ECF No. 118], as well as entered Final Default Judgment against Defendant Wheels [ECF No. 119] in the amount of $29,875.32 and Final Judgment against Defendant Hosein in the amount of $14,937.66 [ECF No. 120].

**II.    PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Based upon his prevailing party status in an FLSA action, plaintiff now seeks an award of attorney's fees in the amount of $49,783. [ECF No. 122].

**A. Legal Standard**

The methodology for determining reasonable attorney's fees begins with a calculation of the "lodestar," which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The plaintiffs

bear the burden of documenting their reasonable hours expended and their reasonable hourly rates. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *see also Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (enumerating factors for the court to consider in setting a reasonable fee). The Court may also use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without witnesses. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

### B. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 & n.11); *Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985)). The plaintiffs bear the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. *See Norman*, 836 F.2d at 1299 (citing *N.A.A.C.P. v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)).

The hourly rates claimed for this Motion are: $350/hour for J.H. Zidell; $325/hour for K. David Kelly; $300/hour for Joseph DiSpaldo; $250/hour for Daniel Feld; $200/hour for Chris Cochran; and $200/hour for Rivkah Jaff. Plaintiff attaches a case [ECF No. 122-2] from four years ago before Magistrate Judge Turnoff of the Miami Division of the Southern District of Florida, in which slightly lower rates were approved for attorneys

3

at this same law firm (and many of the same attorneys) for an FLSA matter. *Fernando Reis v. Thierry's Inc., et al.*, No. 08-20992-Civ-Turnoff (Lenard), 2010 WL 1249076 (S.D. Fla. March 25, 2010). In light of the evidence presented, the lack of objection from Defendants, and upon independent review of the hourly rates, the Undersigned finds that they are reasonable.

### C. Reasonable Hours Expended

The Court must next evaluate the plaintiffs' requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel. The Court should exclude from the fees award compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Court may determine a reasonable award based on its own experience. *Id.* at 1303. The burden rests on the plaintiffs to submit a request for fees that will enable the court to determine what time was reasonably expended. *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994).

The plaintiffs' fees motion does not provide a breakdown of the total hours spent by each individual attorney. However, it appears that from a review of the billing entries that the plaintiffs request compensation for 58.4 hours for Mr. Zidell, 67.5 hours for Mr. Kelly, 19.4 hours for Ms. Jaff, 8.9 hours for Mr. Cochran, 8.5 hours for Mr. Feld, and 2.94 hours for Mr. DiSpaldo. [ECF No. 122-1]. Based on those figures, the compensation sought should be $48,785, rather than the $49,783 that Plaintiffs have

listed. As Plaintiffs did not see fit to provide a full breakdown of the hours billed themselves, the Court will rely upon the figures it derived from the billing ledger provided.

Upon review of Plaintiff's billing records for reasonableness, the Undersigned finds that the entries were contemporaneous, complete, and an accurate reflection of the work done by the attorneys. In light of the evidence presented, the lack of objection from Defendants, and upon independent review of the hours billed, the Undersigned finds that the hours expended are reasonable.

Accordingly, Plaintiff should be entitled to recover attorney's fees in the total amount of $48,785.

### III.   CONCLUSION

After careful consideration of the record and for the aforesaid reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Motion for Attorney's Fees is **granted in part**, and Plaintiff shall recover the following sum from Defendants, jointly and severally, which sum shall bear interest at the legal rate from the date of the judgment on August 25, 2014 onward, for which sum let execution issue: $48,785.

**DONE and ORDERED**, in Chambers, in Miami, Florida, October 28, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

5

**Copies furnished to**:
All Counsel of Record

Kevin Hosein
Wheels America Miami, Inc.
Wheels America Alloy Wheel Miami, LLC
Wheels America Alloy Wheel Miami, Ltd.
7900 West 25th Court
Hialeah, FL 33016